IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALICE CLARK, et al.,<br><br>               Plaintiffs,<br><br>   vs.<br><br>ROBERT WILKIN,<br><br>               Defendant. | MEMORANDUM DECISION and ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL INTERROGATORY RESPONSES AND PRODUCTION OF DOCUMENTS<br><br>Case No: 2:06-CV-693 PGC<br><br>District Judge Paul G. Cassell<br>Magistrate Judge David Nuffer |

Plaintiffs' Motion to Compel[1] is currently before the court.  Plaintiffs served their discovery requests on Defendant on January 31, 2007.[2]  Defendant supplied incomplete responses to the interrogatories on March 26, 2007, but the responses to interrogatories are not under oath and Defendant completely failed to answer Interrogatory No. 5.[3]  Defendant did not respond to the requests for production until May 22, 2007,[4] two weeks after Plaintiffs filed the motion to compel.

---

[1] Plaintiffs' Motion to Compel Interrogatory Responses and Production of Documents, docket no. 30, filed 5/8/07.

[2] *See* Memorandum in Support of Plaintiffs' Motion to Compel Interrogatory Responses and Production of Documents (Memorandum in Support), exhibit C, docket no. 31, filed 5/8/07.

[3] *Id.*, exhibit D.

[4] *See* Reply Memorandum in Support of Plaintiffs' Motion to Compel Interrogatory Responses and Production of Documents (Reply), exhibit A, docket no. 37, filed 6/7/07.

In his response in opposition[5] to the motion, Defendant attempts to supplement his responses - yet they are still not under oath.  The late responses to the requests for production are inadequate as they fail to identify any documents or state when inspection will be permitted.  In fact, most of the responses are that Defendant is still looking for documents.

### ORDER

IT IS HEREBY ORDERED that the Motion to Compel is GRANTED.[6]  On or before July 13, 2007,  Defendant is to provide complete and accurate responses to the interrogatories under oath.  If there are privacy concerns, the Defendant may designate that certain information such as social security numbers and criminal record information be restricted to use by Plaintiffs' counsel for purposes of this litigation only.

IT IS FURTHER ORDERED that on or before July 13, 2007, Defendant is to produce all relevant documents in response to Request Nos. 2, 5, 8, 9, 12, 12, 14, 15, 16 and 18 including:

A.  Documents related to repairs made to the truck following the accident;

B.  Reports or estimates concerning the condition of the truck;

C.  Documents concerning maintenance or inspections of the truck;

D.  Documents related to the trip defendant was on at the time of the accident, such as permits, bills of lading, invoices, prot of entry records, fuel receipts;

E.  Defendant's log book for the month of the accident;

F.  Documents related to citations or warnings concerning the condition of the

---

[5]Memorandum in Opposition to Plaintiffs' Motion to Compel Interrogatory Responses and Production of Documents, docket no. 35, filed 5/23/07.

[6]Docket no. 30.

truck;

G.  Documents related to other accidents involving the truck;

H.  License, registration and title for the truck; and

I.  Documents related to defendant's purchase of the truck.


On or before July 6 2007, Plaintiffs may submit a motion and affidavit for expenses, including reasonable attorney fees, related to the Motion to Compel.  Defendant shall file any response to the motion by July 13, 2007.


June 20, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge