IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALICE CLARK, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>ROBERT WILKIN,<br><br>        Defendant. | MEMORANDUM DECISION and ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES RELATED TO PLAINTIFFS' MOTION TO COMPEL<br><br>Case No: 2:06-CV-693 PGC<br><br>District Judge Paul G. Cassell<br>Magistrate Judge David Nuffer |

      Plaintiffs' Motion for Award of Attorney Fees Related to Plaintiffs' Motion to Compel[1] is currently before the court.

      Plaintiffs served their discovery requests on Defendant on January 31, 2007.[2] Defendant supplied incomplete responses to the interrogatories on March 26, 2007, but none of the answers to interrogatories were under oath and Defendant completely failed to answer Interrogatory No. 5.[3] Defendant did not provide any responses to the requests for production until May 22, 2007,[4] well after Plaintiffs filed the motion to compel. A Memorandum Decision and Order Granting Plaintiffs' Motion to Compel Interrogatory Responses and Production of Documents was entered

---

[1] Plaintiffs' Motion for Award of Attorney Fees Related to Plaintiffs' Motion to Compel (Plaintiffs' Motion for Award of Fees), docket no. 43, filed 7/6/07.

[2] *See* Memorandum in Support of Plaintiffs' Motion to Compel Interrogatory Responses and Production of Documents (Memorandum in Support), exhibit C, docket no. 31, filed 5/8/07.

[3] *Id.*, exhibit D.

[4] *See* Reply Memorandum in Support of Plaintiffs' Motion to Compel Interrogatory Responses and Production of Documents (Reply), exhibit A, docket no. 37, filed 6/7/07.

on June 20, 2007.[5] This Memorandum Decision and Order permitted Plaintiffs to submit a motion and affidavit for attorney fees related to the Motion to Compel, under Rule 37(a)(4)(A).[6] The Rule states that if a motion to compel is granted the court shall require the party necessitating the motion to pay reasonable expenses, including attorneys fees, to the moving party; unless other circumstances make an award unjust.[7]

Pursuant to this Memorandum Decision and Order plaintiffs request the court to enter an order awarding plaintiffs $1,973.50 in attorneys fees for time spent preparing the motion to compel and obtaining the order granting the motion.[8] In defendant's Memorandum in Opposition, counsel states that the award of attorneys fees would be unjust due to the financial circumstances of the defendant.[9] Defendant further states that if the Court determines that an award of fees is just, that the amount of fees should be reduced to a reasonable amount.[10] Defendant objects to the hourly rate applied by Plaintiff's counsel but supplies only argument, not proof in support of the objection.

The entire sum claimed is reasonable and should be awarded. Defendant's non-compliance is without substantial justification. However, an award of the entire sum would be

---

[5] Memorandum Decision and Order Granting Plaintiffs' Motion to Compel Interrogatory Responses and Production of Documents, docket no. 41, filed 6/20/07.

[6] *Id.* at 3.

[7] *See* Fed.R.Civ.P. Rule 37(a)(4)(A).

[8] Plaintiffs' Motion for Award of Fees at 1.

[9] Memorandum in Opposition to Plaintiffs' Motion for Award of Attorney Fees Related to Plaintiff's Motion to Compel (Memorandum in Opposition) at 2, docket no. 47, filed 7/13/07.

[10] *Id.*

unjust due to the defendant's financial situation. Therefore, one half the claimed amount will be awarded.

## ORDER

IT IS HEREBY ORDERED that the Motion for Award of Attorney Fees is GRANTED.[11]

IT IS FURTHER ORDERED that Plaintiffs are awarded $968.75 in attorneys fees payable by Defendant.

August 9, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[11] Docket no. 43.