IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALICE CLARK, ET AL.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>ROBERT WILKIN, AN INDIVIDUAL,<br><br>　　　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER; MOOTING DEFENDANT'S MOTION FOR EXTENSION; DENYING PLAINTIFFS' MOTION TO COMPEL**<br><br>Civil No. 2:06cv00693<br><br>District Judge Ted Stewart<br>Magistrate Judge David Nuffer |

　　　　Defendant moved for a protective order[1] against requests for production of independent medical examination (IME) reports conducted by physicians who performed IME's in this case and who will testify at trial. Plaintiff moved to compel the production of the reports.[2]

　　　　There are five principal issues:

　　　　a.　　Were the requests for production filed after the deadline applicable for such discovery?

　　　　b.　　Are requests for expert reports from testifying physician experts available by request for production from a party?

---

[1] Motion for Protective Order and for Extension to Respond to Discovery, docket no. 77, filed February 5, 2008.

[2] Plaintiff's Motion to Compel Production of Prior Rule 35 Reports, docket no. 86, filed February 14, 2008.

  c.  Are reports of prior IMEs by testifying physician experts within the permissible scope of discovery?

  d.  Are the dangers of discovery of such reports in creating distractions from the central issues in the case so great as to prevent discovery of reports of prior IMEs by testifying physician experts?

  e.  Are HIPAA and other privacy concerns so great as to prevent or at least affect the production of such reports?

To be brief,

  a.  **Timeliness.**  The requests for production were served four days[3] after the deadline applicable for expert discovery, which was January 20, 2008.[4]  The recent stipulation[5] to extend expert discovery applies only to depositions.  "The parties request that the time for expert discovery be extended until May 1, 2008, to allow for the depositions [of experts] to occur."[6]  Therefore, the requests are untimely.

  b.  **Use of Request for Production.**  These requests for prior IME reports from testifying physician experts would properly be sought from *them* by *subpoena*, and

---

[3] Memorandum in Support of Motion for Protective Order and for Extension to Respond to Discovery at 5, docket no. 78, filed February 5, 2008.

[4] Order Granting Stipulated Motion to Amend and Amended Scheduling Order, docket no. 52, filed October 12, 2007.

[5] Second Stipulated Motion to Amend Scheduling Order, attached as Exhibit A to Combined Memorandum in Support of Plaintiffs' Motion to Compel and in Opposition to Motion for Protective Order and for Extension to Respond to Discovery (Opposing Memorandum), docket no. 87, filed February 14, 2007.

[6] Memorandum in Support of Second Stipulated Motion to Amend Scheduling Order at 3, attached as Exhibit A to Opposing Memorandum.    .

are not under the control of Mr. Wilkin.  The requests in this case were directed to a party, seeking documents from expert witnesses. While there is a logical link to the attorneys in the case and their prior firm, counsel are not subject to discovery by request for production.

    c.    **Scope of Discovery**.  Plaintiff makes a convincing argument[7] that prior IMEs by testifying physician experts are relevant to Plaintiff's claims or Defendant's defenses.[8]  It may well be that exploration of the bias of professional witnesses through examination of patterns of testimony would aid the search for truth and benefit the justice system generally.  However, specific existing rules speak to the standard scope of prior case material to be produced by testifying experts.  The disclosure rule entitles the requesting party to "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition."[9]  The IME rule requires that "like reports of all earlier examinations of the same condition"[10] be provided to the examined party.[11]  The requested discovery is not within the rules stating the federal policy.  The Utah State rule on

---

[7] Opposing Memorandum at 4-5 and 7-11, docket no. 87, filed February 14, 2007.

[8] Fed R. Civ. P. 26(b)(1).

[9] Fed R. Civ. P. 26(a)(2)(B)(v).

[10] Fed. R. Civ. P. 35(b)(1).

[11] The parties did not cite and the court did not find any cases applying this language to require that reports of any person other than a party be provided.

        the specific subject of adverse examining medical experts[12] is not persuasive.

        That rule does not apply here.

d.    **Danger of Distraction.**  Discovery of such reports could probably be managed but their use at trial could lead to the sorts of "mini-trials" forecast by Defendant.[13]  If the reports are in the hands of Plaintiff, individual pieces could be used in cross examination in ways that would almost certainly create distractions from the central issues in the case.  The object on cross examination would be to convince the jury that the expert's position in a prior case was so out of norm *compared to the merits of that case* that the current testimony should be discredited. Plaintiff wants to put the experts on trial, not just question their credibility.  He wants the jury to hear "details of some of the opinions Dr. Chung has reached in other cases."[14]  This would be a distraction from central issues and is a sound reason the federal rule has no provisions similar to the Utah rule.

e.    **Privacy Concerns.**  There are legitimate privacy concerns for the persons whose reports would be sought by the proposed discovery.  Beyond HIPAA, which may or may not be applicable, these reports contain the most personal and intimate details about plaintiffs who only agreed to place their medical condition in issue

---

[12] Utah R. Civ. P. 35(c).

[13] Supporting Memorandum at 3 and 9-10.

[14] Opposing Memorandum at 9.

in their own litigation. Redaction of personal identifiers is only a partial solution to the potential for privacy violations.[15] "Even if there were no possibility that a patient's identity might be learned from a redacted medical record, there would be an invasion of privacy."[16]

Finally, the court has serious questions about the intentions of the quest, given the focus of the request on reports issued for the *insurer* in this case, or for Defendant's *counsel*, or counsel's prior firm. The scope of the request is not on work by the examining physicians, but is focused on the relationship of the physicians and current counsel and the insurer. This focus is not on the merits of Plaintiff's condition or on the physicians' work.

---

[15] *Northwestern Memorial Hospital v. Ashcroft,* 362 F.3d 923, 929 (7th Cir. 2004).

[16] *Id.*

**ORDER**

IT IS HEREBY ORDERED that

a.     Defendant's Motion for Protective Order[17] is GRANTED.

b.     Defendant's Motion for Extension to Respond to Discovery[18] is MOOT.

c.     Plaintiff's Motion to Compel Production of Prior Rule 35 Reports[19] is DENIED.

DATED this 26th of February, 2008.

                                BY THE COURT:

                                _David Nuffer_
                                David Nuffer
                                United States Magistrate Judge

---

[17] Docket no. 77, filed February 5, 2008.

[18] Docket no. 77, filed February 5, 2008.

[19] Docket no. 86, filed February 14, 2008.