IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALICE CLARK, an individual, and TESS NYPOWER, on behalf of herself and DANIELLE A. NYPOWER, a minor, MICHAEL D. NYPOWER, JOSHUA L. NYPOWER, JANNA NYPOWER SIMANU, and TIMOTHY B. NYPOWER, as heirs of DAVID NYPOWER, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT WILKIN, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO SERVE TRIAL SUBPOENA ON DEFENDANT AND COMPELLING DEFENDANT TO APPEAR AT TRIAL**<br><br>Case No: 2 06 cv 693 TS DN<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

Plaintiffs' Motion for Leave to Serve Trial Subpoena on Defendant[1] is before this Court.  For the reasons set forth below, Plaintiffs' Motion is GRANTED, and, in addition, Defendant is ordered to appear at trial.

## BACKGROUND

This case arises out of an automobile accident that occurred on I-15 near Payson, Utah,[2] in which David Nypower (Nypower) was killed when he drove into the back of a trailer owned by Defendant Robert Wilkin (Wilkin).[3]  Plaintiffs allege that Wilkin is the sole eyewitness to the accident and the sole witness to the condition of his trailer.[4]

---

[1] Plaintiffs' Motion for Leave to Serve Trial Subpoena on Defendant, docket no. 81, filed February 12, 2008.

[2] Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave to Serve Trial Subpoena on Defendant (Memo to Serve), 2, docket no. 82, filed February 12, 2008.

[3] Memo to Serve, 2-3.  Plaintiffs allege that Wilkin's trailer was a 1960 model that lacked necessary safety mechanisms, thereby making it invisible to Nypower in the darkness of the night.  *Id*.

[4] Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Leave to Serve Trial Subpoena on Defendant (Reply), 3, Docket no. 99, filed February 19, 2008.

Wilkin is a resident of Pioche, Nevada,[5] which is located approximately 350 miles from the Court.[6] Plaintiffs' seek an order granting them leave to serve a trial subpoena on Wilkin to compel him to appear at trial in this Court because he is the sole witness of the accident, and because it is "extremely important for the jury to hear his live testimony on many of the disputed issues in the case."[7] For these reasons, and because Wilkin's presence at trial is necessary for full and fair adjudication of this action, this Court grants Plaintiffs' motion.

## DISCUSSION

Plaintiffs seek an order granting them leave to serve a trial subpoena on Wilkin so his live testimony may be used at trial. Rule 45(b)(2) enumerates the places in which a subpoena may be served, including "within the district of the issuing court,"[8] and "outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection."[9] Plaintiffs correctly note, however, that courts have permitted service outside the 100 mile territory when the witness to be subpoenaed is a party to the proceedings.

---

[5] Defendant's Memorandum in Opposition to Plaintiffs' Motion for Leave to Serve Trial Subpoena (Memo in Opposition), 3, Docket no. 96, filed February 15, 2008.
[6] *Id*. at 4.
[7] Memo to Serve, 2.
[8] Fed.R.Civ.P. 45(b)(2)(A).
[9] Fed.R.Civ.P. 45(b)(2)(B).

While there is a split among courts on this issue, the majority of courts,[10] including this Court,[11] have found that when a subpoena is served upon a party to the suit, the 100 mile rule does not apply.[12]  These cases suggest that the 100 mile rule is limited by Rule 45(c)(3)(A)(ii), which is the rule regarding quashing or modifying a subpoena.  That part of the rule provides that "on timely motion, the issuing court must quash or modify a subpoena that: . . . requires a person *who is neither a party nor a party's officer* to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person.[13]  The express application of this provision to persons who are not parties suggests that parties do not fall under the 100 mile rule.

The majority view is supported by the Second Circuit's observation that "[t]he purpose of the 100 mile exception is to protect such witnesses from being subjected to excessive discovery burdens in litigation *in which they have little or no interest*."[14]  Parties to a suit have great interest in its outcome; therefore, the purpose behind the 100 mile rule does not apply to them.  Further, other parties and the Court have an interest in

---

[10] *See, e.g.*, *Am. Fed. of Gov't Employees Local 922 v. Ashcroft,* 354 F.Supp.2d 909, 915 (E.D.Ark.2003); *In re Ames Dep't Stores, Inc.,* No. CIV.A. 01-42217, 2004 WL 1661983, at *1 (Bankr.S.D.N.Y. June 25, 2004); *Mason v. Texaco, Inc.,* 741 F.Supp. 1472, 1504 (D.Kan.1990); *Ferrel v. IBP, Inc.,* No. CIV.A. 98-4047, 2000 WL 34032907, at *1 (N.D.Iowa Apr. 28, 2000); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.,* 187 F.R.D. 578, 587 (D.Minn.1999); *Younis v. American Univ. in Cairo,* 30 F.Supp.2d 390, 395 n. 44 (S.D.N.Y.1998); *Prudential Sec., Inc. v. Norcom Devel., Inc.,* No. CIV.A. 97-6308, 1998 WL 397889, at *5 (S.D.N.Y. July 16, 1998); *Stone v. Morton Int'l, Inc.,* 170 F.R.D. 498, 500-01 (D.Utah 1997); *Venzor v. Chavez Gonzalez,* 968 F.Supp. 1258, 1267 (N.D.Ill.1997); *Nat'l Prop. Investors, VIII v. Shell Oil Co.,* 917 F.Supp. 324, 329 (D.N.J.1995); *M.F. Bank Restoration Co. v. Elliott, Bray & Riley,* No. CIV.A. 92-0049, 1994 WL 719731, at *8 (E.D.Pa. Dec. 22, 1994).

[11] *Stone v. Morton Intern., Inc.*, 170 F.R.D. 498, 500 (D.Utah 1997) (holding proper the subpoena of a corporate officer of a party residing beyond the 100 mile territory).

[12] The only two courts that have held otherwise were those cited by the Defendant.  *Johnson v. Land O' Lakes,* 181 F.R.D. 388, 397 (D. Iowa 1998) (holding that Rule 45(c)(3)(A)(ii) "simply does not extend the range of this court's subpoena power…There simply is no 'negative implication'…that [the rule] subject to subpoena officers of parties who are more than 100 miles from the place of trial"); *Jamsport & Entm't, LLC v. Paradama Prods., Inc.,* 2005 WL 14917, 1 (N.D.Ill. 2005) (D.Ill. 2005) (reasoning that Rule 45(c)(3)(A) provides an exception, not an addition, to Rule 45(b)(2)).

[13] Fed.R.Civ.P. 45(c)(3)(A)(ii) (emphasis added).

[14] *In re Edelman,* 295 F.3d 171, 178 (2d Cir. 2002).

the appearance of parties at trial, which is a further reason the 100 mile limitation should not apply to parties.

Wilkin argues that the majority rule would provide "unfettered discretion" for counsel to "impose undue burdens and expenses on opposing parties for improper purposes."[15]  This concern, however, has not been shared by the majority of federal courts because Rule 26(c) authorizes a district court to modify or quash a subpoena in order to "protect a *party* or person from annoyance, embarrassment, oppression, or undue burden or expense."[16]  There is adequate protection against abuse of parties.

The position of most jurisdictions and a judge of this Court agree.  Furthermore, other compelling reasons persuade the Court that Wilkin's presence at and participation in trial is essential to a full and fair adjudication of this action.  Plaintiffs allege that Wilkin is the sole witness to the accident,[17] as the driver of the other car, David Nypower, was killed, and the passenger in the car, Alice Clark, has no memory of the accident.[18]  Wilkin is also the only witness to the condition of his trailer at the time of the accident.[19]  Wilkin's live testimony at trial is also important because certain evidence relevant to the safety history of Wilkin's trailer was provided to Plaintiffs only after Wilkin had been deposed.[20]  Because Wilkin was not questioned about this evidence during his deposition,[21] his testimony on this evidence must be obtained at trial.

Beyond his possible contributions to evidence that his presence enables, his absence would create many questions for the jury and could cause confusion.

---

[15] Memo in Opposition, 4-5.
[16] Fed.R.Civ.P. 26(c) (emphasis added).  *See, e.g., In re Edelman*, 295 F.3d 171, 175 (2d Cir. 2002) (discussing district court judges' discretion to quash subpoenas).
[17] Memo to Compel, 3.
[18] *Id*.
[19] *Id* at 5.
[20] Memo to Compel, 7.
[21] *Id*.

**CONCLUSION AND ORDER**

Wilkin's attendance at and participation in trial is essential to a fair adjudication of this action. Because Wilkin is a party to the action, Rule 45(b)(2) does not protect him from being served with a trial subpoena even though he lives outside the district and further than 100 miles for this Court. Further, the court's inherent power enables the court to order that he appear. He is subject to the jurisdiction of the court, and the litigation requires that he be present. Merits based sanctions might be imposed if he fails to appear, since his absence could affect the presentation of the merits of the case.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Serve Trial Subpoena on Defendant[22] is GRANTED.

IT IS FURTHER ORDERED that Defendant shall personally appear at trial, as his physical presence and participation is necessary for full and fair adjudication of this action. Defendant is warned that failure to appear at trial may result in the imposition of sanctions including but not limited to all or any of the following: striking the answer or defenses; instructions to the jury regarding liability or presumptions to be made; continuance of the trial and sanctions including imposition of costs and attorneys fees; and entry of default judgment on all or part of the issues in the case.

DATED this 10th day of March, 2008.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[22] Plaintiffs' Motion for Leave to Serve Trial Subpoena on Defendant, docket no. 81, filed February 12, 2008.