## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ALICE CLARK, AN INDIVIDUAL, AND TESS NYPOWER, ON BEHALF OF HERSELF AND DANIELLE A. NYPOWER, A MINOR, MICHAEL D. NYPOWER, JOSHUA L. NYPOWER, JANNA NYPOWER SIMANU, AND TIMOTHY B. NYPOWER, AS HEIRS OF DAVID NYPOWER, DECEASED,<br><br>                    Plaintiffs,<br><br>      vs.<br><br>ROBERT WILKIN, AN INDIVIDUAL,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS**<br><br>Civil No. 2:06cv00693 TS<br><br>District Judge Ted Stewart<br>Magistrate Judge David Nuffer |

Plaintiffs have moved to sanction Defendant Robert Wilkin for spoliation of evidence. Wilkin  was driving a semi tractor and trailer on Interstate 15 on April 1, 2005,[1] which was rear-ended at 2:30 a.m by the vehicle of Plaintiff Clark and David Nypower (represented in this action by his heirs).[2]  Clark was seriously injured and Nypower died.[3]  Sanctions are now sought because Wilkin destroyed the trailer a month after the accident.

---

[1] First Amended Complaint ¶10, docket no. 2, filed September 1, 2006.

[2] *Id.* ¶13.

[3] *Id.*  ¶20-21.

**Factual Allegations in the Case**

Plaintiffs allege Wilkin was driving his 45 year-old trailer[4] very slowly due to mechanical difficulties,[5] without safety flashers illuminated, with malfunctioning rear lights, and without proper reflective devices.[6]  Defendant alleges that the driver of Plaintiffs' vehicle was tired.[7]

Plaintiffs also allege that after the accident, Wilkin looked inside Plaintiffs' vehicle, saw the serious injuries of Plaintiff Clark and the decedent of the Nypower Plaintiffs, then fled the scene without reporting or calling for help.[8]  They further allege that Wilkin denied involvement when first located by the Highway Patrol several miles from the scene.[9]  But the Highway Patrolman says Wilkin later admitted that the accident occurred, that he looked in the car and left the scene.[10]

A Utah Highway Patrol inspection of Wilkin's vehicle in those early morning hours revealed many safety violations.[11]  Wilkin was arrested.  A day or two after the accident, he had photos taken of the trailer "to cover me in case any lawsuit like this came up against me."[12]

---

[4] Memorandum in Support of Plaintiffs' Motion for Spoliation Sanctions (Supporting Memorandum) at 2 and 3 ¶2, docket no. 85, filed February 13, 2008.

[5] First Amended Complant ¶10; Supporting Memorandum at 2.

[6] First Amended Complaint ¶11.

[7] Memorandum in Opposition to Plaintiffs' Motion for Spoliation Sanctions (Opposition Memorandum) at 2, docket no. 105, filed February 28, 2008.

[8] First Amended Complaint ¶16.

[9] *Id.* ¶17.

[10] Utah Highway Patrol Report, Exhibit A to Supporting Memorandum.

[11] Opposition Memorandum at 3.

[12] Wilkin Deposition at 112, attached to Supporting Memorandum as Exhibit D.

## Disposition of the Trailer and Evidence Gathered

Wilkin said the accident damaged his trailer to the point it could not be used, and that it was critical in his scrap metal salvage business.[13]  The trailer was stored in a repair shop yard in Springville, Utah, where it accrued storage fees.[14]  Wilkin heard that someone from "the opposing team" had been to the shop to inspect the trailer.[15]  About a month after the accident, Wilkin took the trailer to a salvage yard and sold it.[16]  He says this was to avoid payment for storage fees.[17]  Before the trailer was sold for salvage, Wilkin had photos taken.

It is not clear how much Wilkin knew about that inspection by "the opposing team," but it is now known that an investigator acting for Plaintiffs inspected the trailer, illuminated the taillights, and took photographs of the trailer and the lights.[18]  In addition, the decedent's insurance company had taken photos.[19]

---

[13] Opposition Memorandum at 3.

[14] Wilkin Deposition at 44.

[15] *Id.*

[16] *Id.*

[17] Opposition Memorandum at 7.

[18] Opposing Memorandum at 4.

[19] *Id.* at 4-5.

Plaintiffs have hired a visibility expert to testify based on the photographs and observations by their investigator.[20]  That expert never personally inspected the trailer. Defendant has a visibility expert, who has also never seen the trailer.[21]

### Discussion

The Tenth Circuit has stated that the "doctrine of spoliation refers to the improper intentional destruction of evidence relevant to a case."*[22]*   There is no question the destruction, at the order of Defendant Wilkin, was intentional.  The question is whether – and to what degree – it was improper.

In the Tenth Circuit there are a "variety of factors" in the decision to impose a spoliation sanction, two of which are:  "(1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party."[23]

### *Culpability*

Wilkin's culpability is high.  He knew that litigation would be pending, as shown by his flight from the scene, ordering photographs to be taken, and the comment that he knew "the opposing team" had been to the repair shop where the trailer was stored.    But he nonetheless decided to salvage the trailer based on his own desire to avoid storage costs.

---

[20] *Id.* at 5.

[21] *Id.*

[22] *Rowe v. Albertsons, Inc.*, 116 Fed. Appx. 171, 174 (10th Cir. 2004).

[23] *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv. Inc.*, No. 97-5089, 1998 WL 68879, *4 (10th Cir. Feb. 20, 1998).

Wilkin did not know the extent of the inspection by " the opposing team."   He did not make any contact to determine if Plaintiffs or the insurers needed further access or would be willing to pay the storage costs, or take possession of the trailer.

His actions, based entirely on his personal needs and circumstances, in disregard of the rights of others, establish high culpability.   This self-interested decision-making is consistent with his flight from the scene of the accident, and initial denial of any involvement.

### *Prejudice*

Defendant would have us believe that no prejudice is present, because both visibility experts are operating on the basis of the same evidence, and Plaintiffs' investigator had access to the trailer.[24]   The Highway Patrolman and two other witnesses had a chance to see the trailer near the time of the accident.[25]   "[T]he plaintiffs have ample evidence available to them to advocate their positions."[26]   However, the real issue is the evidence we *do not* have.   No one can tell what inspection of the trailer by a mechanical or visibility expert would have revealed.

It is true that this case is not one of significant *relative* prejudice, such as those in which one party has extensive access and the other does not.[27]   However, it is the absence of any opportunity that interferes with Plaintiffs' rights and with the judicial process.

---

[24] Opposing Memorandum at 8.

[25] *Id.* at 9.

[26] *Id.*

[27] *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985 (10th Cir. 2006); *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv. Inc.*, No. 97-5089, 1998 WL 68879  (10th Cir. Feb. 20, 1998).

**Appropriate Sanction**

In this case, an instruction to the jury would be an appropriate sanction.   Entry of judgment or striking the answer would be too severe, since there is substantial evidence about the condition of the trailer. But when there are decisions to be made about facts related to the condition of the trailer, an inference against the Defendant would be appropriate.  He prevented a more full, fair and founded exposition of those facts. Therefore, in cases of dispute regarding the condition of the trailer, inferences should be drawn and uncertainties should be resolved against the Defendant.

The magistrate judge is also concerned about the reliability of the visibility expert testimony when the actual vehicle has not been examined by either expert.  But that is a matter the district judge will consider as that testimony is introduced.

**ORDER**

IT IS HEREBY ORDERED that the motion for spoliation sanctions is GRANTED IN PART.   Subject to the discretion of the district judge trying the case and the status of the proof at trial, which may necessitate modification of this instruction, the following instruction should be given to the jury:

There is no dispute that  shortly after the accident the Defendant Robert Wilkin sold the trailer that allegedly contributed to the accident in this case and that he sold it for salvage knowing it would be destroyed and thereafter unavailable.  Though some photographs were taken and other evidence of the condition of the trailer is available, Mr. Wilkin's action made the trailer

unavailable for inspection and testing through the course of this litigation and use as evidence as would normally be the case.  He did not notify the Plaintiffs or anyone representing them of his intentions to sell the trailer nor did he give them the opportunity to preserve the trailer for inspection, testing and trial.

The law requires that a person not take any action to destroy evidence that is known to be relevant to imminent litigation.  Mr. Wilkin's action violated that duty.  You are instructed that if evidence regarding a specific condition of the trailer is in dispute or lacking, then as to that issue, you are to draw any inferences and resolve any uncertainties against Mr. Wilkin and in favor of the Plaintiffs.

DATED this 16th of April, 2008.

BY THE COURT:

David Nuffer
United States Magistrate Judge