IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALICE CLARK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT WILKIN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE WITNESSES<br><br><br><br>Case No. 2:06-CV-693 TS |

Before the Court is Defendant's Motion to Exclude Witnesses in which Defendant asks the Court to exclude six of Plaintiffs' fact witnesses from testifying at trial. For the reasons discussed below, the Court will deny Defendant's Motion.

I.  BACKGROUND

Plaintiffs in this case seek damages arising from an automobile collision that occurred on Interstate-15 between Nephi and Santaquin, Utah. The Scheduling Order entered by the Magistrate Judge on December 27, 2006, set deadlines for exchanging lists of fact witnesses and for completion of fact discovery on April 1, 2007, and June 29, 2007, respectively.[1] On October 11, 2007, an Amended Scheduling Order pushed the fact discovery deadline to October 1, 2007,

---

[1]Docket No. 14.

and the expert discovery deadline to January 20, 2008.[2]  On January 19, 2008, a further extension for expert discovery was granted to allow Defendant's expert to review previously unavailable medical information, to prepare a supplemental report, and to be deposed.[3]  On March 7, 2008, the expert discovery deadline was again extended to May 1, 2008, to allow the Parties to conduct a number of depositions.[4]  A seven-day jury trial is currently set to begin on July 28, 2008.

On February 12, 2008, Plaintiffs mailed a document entitled "Supplement to Plaintiffs' Rule 26 Initial Disclosures," which listed six additional individuals (the "Witnesses") who "are likely to have discoverable information supporting Plaintiffs' claims and defenses."[5]  The Parties agree that the Witnesses are expected to testify regarding damages.  Defendant contends that Plaintiffs mailed the supplemental disclosure to an incorrect address and that Defendant did not receive it until March 10, 2008.  Plaintiffs point out that they e-filed a certificate of service relating to the supplemental disclosure on February 12, 2008, which is reflected on the docket.[6]

## II.  DISCUSSION

Defendant asks the Court to exclude the Witnesses from testifying at trial under Federal Rule of Civil Procedure 16 because Plaintiffs failed to disclose them before the deadline for exchanging lists of fact witnesses and before the close of fact discovery.  Plaintiffs contend that the supplemental disclosure was made while the case was still in the "discovery phase of

---

[2] Docket No. 52.

[3] Docket No. 76.

[4] Docket No. 108, at ¶¶ 7-8; Docket No. 110.

[5] Docket No. 115, at Ex. 4.

[6] Docket No. 83.

litigation" and that Plaintiffs' council was unaware of the Witnesses "at the time Plaintiffs' initial disclosures and designation of fact witnesses were filed."[7]

Rule 16 outlines the procedure for managing case scheduling matters, including pretrial conferences, scheduling orders, pretrial orders and final pretrial conferences.  According to Rule 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent."  However, none of the Parties has asked the Court to modify the Scheduling Order.  Thus, while the Scheduling Order is clearly relevant and important, Rule 16 does not directly govern the question before the Court.  Rather, the question of whether Plaintiffs may call the Witnesses at trial is governed by Rule 37(c).

According to Rule 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Rule 26(a) requires parties to make initial disclosures of various pieces of information, including the names of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[8]  Rule 26(e) requires parties to supplement their initial disclosures and their discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the

---

[7]Docket No. 118.

[8]Fed. R. Civ. P. 26(a)(1)(A)(I).

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[9]

The Court considers the following factors to determine whether the failure to timely disclose or supplement was substantially justified or is harmless under Rule 37(c)(1): "(1) the prejudice or surprise to the party against whom the testimony [or evidence] is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony [or evidence] would disrupt the trial; and (4) the moving party's bad faith or willfulness."[10]

Plaintiffs' supplementation of the list of persons having discoverable information was untimely as the fact discovery deadline had already passed. Thus, the question for the Court is whether the untimely disclosure was substantially justified or harmless.

Plaintiffs' untimely supplemental disclosure was not substantially justified. Plaintiffs offer only one justification for the lateness of their supplemental disclosure: that Plaintiffs' *counsel* was unaware of the Witnesses at the time for initial disclosures and designation of fact witnesses. However, there is nothing in the record to suggest that Plaintiffs themselves were unaware of the Witnesses or that the Witnesses were not otherwise discoverable during the discovery period through proper inquiry. Nonetheless, there is no evidence that the untimely disclosure resulted from bad faith or willfulness.

Although Plaintiffs' untimely supplemental disclosure was not substantially justified, the Court finds that it is harmless. Surely Defendant was prejudiced by Plaintiffs' supplemental disclosure as it was made between four and five months after the close of fact discovery.

---

[9] Fed. R. Civ. P. 26(e)(1)(A).

[10] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999).

However, this prejudice is mitigated to some extent by the fact that the Witnesses are expected to testify with regard to damages rather than fault.  Moreover, even though Defendant did not receive the disclosures until March 10, 2008, almost two months remained before the Parties completed expert discovery and more than four months remained before the July 28, 2008 trial date.  Even now, there are still approximately seven weeks remaining before trial in which Defendant can depose these damages witnesses.  Plaintiffs have agreed to stipulate to the taking of those depositions, should Defendant so desire.  Thus, any prejudice to Defendant can be mitigated without disturbing the July 28, 2008 trial setting.  Accordingly, the untimely disclosure is harmless.

As Plaintiffs' untimely supplemental disclosure is harmless, the Court declines to exclude the Witnesses from testifying at trial and will, therefore, deny Defendant's Motion to Exclude.

### III.  CONCLUSION

For the reasons explained above, it is hereby

ORDERED that Defendant's Motion to Exclude Witnesses [Docket No. 114] is DENIED.

DATED June 10, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge