IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALICE CLARK, et al.,<br><br>    Plaintiffs,<br><br><br><br>vs.<br><br><br><br>ROBERT WILKIN,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT DEFENDANT LEFT THE SCENE OF THE ACCIDENT<br><br><br><br>Case No. 2:06-CV-693 TS |

    This matter is before the Court on Defendant's Motion in Limine to Exclude Evidence that Defendant Left the Scene of the Accident. For the reasons discussed below, the Court will grant the Motion as it relates to the issue of negligence and deny the Motion as it relates to the issue of punitive damages. Additionally, to mitigate the danger of unfair prejudice, the Court will bifurcate the trial into a liability phase and a damages phase.

I.  BACKGROUND

    This negligence case arises from an automobile accident on April 1, 2005, at approximately 2:30 a.m. on a remote stretch of Interstate-15 near mile post 239—between Nephi and Santaquin, Utah. Defendant Robert Wilkin was driving a large truck and pulling a trailer.

David Nypower was driving a car in which Plaintiff Alice Clark occupied the passenger seat. The car collided with the back of Defendant's trailer, killing Mr. Nypower and injuring Plaintiff Clark. Plaintiff Clark and the heirs of Mr. Nypower brought this action against Defendant, alleging negligence and seeking compensatory and punitive damages.

Plaintiffs seek to admit evidence regarding Defendant's alleged post-accident conduct for the purpose of proving that Defendant knew he was operating his trailer in an unsafe condition on the night of the accident. Specifically, Plaintiffs offer evidence that Defendant fled the scene of the accident as soon as emergency vehicles could be seen approaching.[1] Plaintiffs also offer evidence that after fleeing the scene of the accident, Defendant exited the freeway at the South Santaquin Exit and parked his vehicle in a dark and secluded area.[2] According to the police report, when law enforcement officers located Defendant, he initially denied any involvement or knowledge of the accident.[3] Only after officers discovered damage to the trailer and parts from the other car lodged in the Trailer's undercarriage did Defendant admit to having knowledge of the accident.[4]

## II.  DISCUSSION

In his Motion in Limine, Defendant asks the Court to exclude evidence of his flight, arguing that it is inadmissible under Federal Rules of Evidence 401, 402, and 403.[5]

---

[1] Docket No. 132, Ex. G, at 27.

[2] *Id.*, Ex. I, at 34-35.

[3] *Id.*, Ex. B.

[4] *Id.*

[5] In his opening brief, Defendant also asked the Court to exclude evidence that he "committed the crime of failing to remain at the scene of that accident" under Rule 404(b).

Pursuant to Rule 402, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible."

Whether evidence is relevant, and therefore admissible, is governed by Rule 401—even in diversity cases.[6]  Notably, however, in diversity cases the relevancy determination under Rule 401 is guided, in part, by substantive state policy.[7]  According to Rule 401, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[8]

> [The Rule 401] definition requires a dual inquiry: (1) whether the evidence is *probative* or factually relevant to the proposition asserted (*i.e.*, whether the evidence tends to make the existence of that fact more or less probable), and (2) whether the proposition for which the evidence is offered is *properly* provable in the case (*i.e.*, the fact is material—of consequence—to the question of state law). The first inquiry is a procedural question of evidence law and the second is a substantive question regarding the materiality of the evidence.[9]

---

Docket No. 126 at 9.  In their opposition, Plaintiffs represent that they do not intend "to admit evidence the [Defendant] was convicted of the crime of leaving the scene."  Docket No. 132 at 8 n.2.

[6] *Sims v. Great Am. Life Ins. Co*, 469 F.3d 870, 880-82 (10th Cir. 2006).

[7] *Id.* at 881-82.

[8] *United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

[9] *Sims*, 469 F.3d at 881 (footnote and citations omitted).

Under the second inquiry, "a fact may be 'of consequence' in a diversity action only if substantive state policy so allows."[10] Accordingly, the Court must look to Utah substantive law for guidance in determining whether Defendant's post-accident conduct is relevant under Rule 401.

Finally, under Rule 403, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "[T]he exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly. The decision to exclude (or admit) evidence under this rule is within the sound discretion of the trial court, and will not be reversed . . . absent a clear abuse of discretion."[11]

Defendant argues that evidence of his flight from the scene of the accident is irrelevant to Plaintiffs' claims because it has application only to Defendant's state of mind after the accident. Additionally, Defendant argues, even if the post-accident evidence is relevant, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

A.  Negligence

As noted above, the Court looks to Utah substantive law in determining whether the flight evidence in this case makes any fact that is "of consequence" more or less probable. In the case of *Fisher v. Trapp*,[12] the Utah Court of Appeals considered the propriety of a trial court's

---

[10]*Id.*

[11]*Romine v. Parman*, 831 F.2d 944, 945 (10th Cir. 1987) (quoting *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir. 1985)) (internal quotations omitted).

[12]748 P.2d 204 (Utah Ct. App. 1988).

exclusion of flight evidence under Utah Rule of Evidence 403 in an automobile accident negligence case.[13] The *Fisher* case involved an auto-pedestrian accident where a young child unexpectedly entered the roadway and collided with the defendant's vehicle.[14] The defendant initially left the scene of the accident, but within 30 minutes "called the police and identified himself as the driver of the vehicle."[15] The trial court excluded evidence that the defendant failed to stop at the scene of the accident because "its possible prejudicial effect outweighed its probative value."[16] The *Fisher* court upheld the trial court's exclusion, finding that the flight evidence "had little, if any, relevance to [the plaintiff's] claim of negligence," which "was overwhelmingly outweighed by the danger of unfair prejudice."[17]

Contrary to Defendant's contentions, *Fisher* does not stand for the proposition that evidence of post-accident conduct cannot, under any circumstances be relevant to the issue of negligence in an automobile accident case. Rather, the *Fisher* court held that any relevance of the flight evidence in the case before it was greatly outweighed by its potential for prejudice. Nonetheless, the language of the *Fisher* opinion makes clear that flight evidence does not carry significant probative weight when considering a negligence claim.

Although of marginal probative value, Defendant's post-accident conduct is relevant to the issue of negligence by making it more probable that Defendant's trailer was not properly

---

[13]*Id.* at 206-07.

[14]*Id.* at 204.

[15]*Id.*

[16]*Id.* at 205.

[17]*Id.* at 207.

illuminated.  A jury could infer from evidence of Defendant's flight and subsequent untruthfulness that Defendant was aware that his trailer was in an unsafe condition.  Certainly, as remarked by the *Fisher* court, this evidence may well indicate something other than "consciousness of guilt."[18]  However, that evidence of Defendant's post-accident conduct may be interpreted in more than one way does not render it irrelevant.

Even so, the Court finds that the probative value of Defendant's post-accident conduct on the negligence issue is substantially outweighed by the danger for unfair prejudice and confusion of the issues.  First, as outlined in the *Fisher* case, Utah substantive law attaches little probative value to flight evidence when considering a negligence claim.  Second, evidence of Defendant's actions in leaving the scene of a very serious accident and then attempting to conceal his involvement is highly likely to produce a confused and prejudicial response from the jury when considering issues of whether Defendant's pre-accident conduct was negligent.  Accordingly, the Court will grant the Motion in Limine with respect to Plaintiffs' negligence claim, excluding evidence of Defendant's post-accident conduct under Rule 403 insofar as it relates to Plaintiffs' negligence claim.[19]

---

[18] *Id.*

[19] This exclusion does not apply to the testimony of Mr. Wright and Ms. Lesueur, who arrived at the scene of the accident before emergency personnel.  In their depositions, Mr. Wright and Ms. Lesueur testified that they observed Defendant's vehicle shortly after the accident occurred and no lights were visible on the rear of the trailer.  Careful questioning at trial may be used to elicit the highly probative testimony of these witnesses without placing evidence of Defendant's flight before the jury.  However, the Court admonishes counsel that failure to avoid placing any evidence of flight before the jury on the issue of negligence could lead to a mistrial.

      B. Punitive Damages

As the Court previously found in its June 10, 2008 Memorandum Decision, the evidence of Defendant's post-accident conduct in this case, particularly his fleeing the scene of a serious accident and then lying to law enforcement officers about his knowledge and involvement in the accident, is relevant to Plaintiffs' claim for punitive damages.[20]

The probative value of Defendant's post-accident conduct is much higher with regard to the issue of punitive damages, going directly to Defendant's state of mind at the time of the accident. Defendant's arguments regarding the potential for prejudice and confusion resulting from introduction of the post-accident evidence go entirely toward the issue of negligence. The Court recognizes that even an instruction limiting the jury's consideration of the post-accident evidence to the issue of punitive damages may not sufficiently mitigate the great potential for prejudice on the issue of negligence. Therefore, the Court finds it necessary to conduct a bifurcated trial pursuant to Federal Rule of Civil Procedure 42(b) in order "to avoid prejudice."

Accordingly, the jury shall first hear evidence and argument regarding the issue of negligence. In the event the jury returns a finding of liability, the parties shall then present evidence and argument regarding the proper amount of damages for the jury's consideration. Evidence of Defendant's post-accident conduct shall be admissible only in the damages phase of the trial. By conducting the trial in this manner, the probative value of the post-accident evidence will not be substantially outweighed by the danger for unfair prejudice and confusion of the issues with respect to the punitive damages claim. Thus, the Court will deny the Motion in Limine with respect to the issue of punitive damages.

---

[20] Docket No. 135, at 11.

## III. CONCLUSION

For the reasons discussed above, it is hereby

ORDERED that Defendants' Motion in Limine to Exclude Evidence that Defendant Left the Scene of the Accident [Docket No. 125] is granted in part and denied in part as outlined above. It is further

ORDERED that the seven-day jury trial set to begin on July 28, 2008, shall be bifurcated with regard to the issues of liability and damages.

DATED July 14, 2008.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge